**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID C. COLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  CIV-04-0941-F |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

    This matter comes before the court on plaintiff David C. Cole's objections to the Report and Recommendation of Magistrate Judge Shon T. Erwin.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration which denied plaintiff's applications for disability insurance benefits under 42 U.S.C. § 416(i) and 423 and supplemental security income benefits under 42 U.S.C. § 1382c(a)(3).  (Objections at docket entry no. 17;  Report at docket entry no. 16.)

    Plaintiff argues that the magistrate judge incorrectly affirmed the decision of the Commissioner because the administrative law judge did not adequately follow and apply steps three and five of the five-step sequential process set forth in 20 C.F.R. §404.1520 for evaluating disability applications.  As required by 28 U.S.C. § 636, the court has reviewed all objected to matters de novo and has also reviewed all other matters addressed in the magistrate judge's findings and recommendations.  Having reviewed all issues, the court finds that no purpose would be served by restating here

any of the magistrate judge's findings or analysis, except that the court makes the following observations.

Plaintiff argues that the magistrate judge did not comment on plaintiff's step three argument and simply dismissed that argument on the basis that "no 'hepatic encephalopathy' appears in the record." (Objections, p. 5.)  However, the Report contains the magistrate judge's conclusion that "the medical record fails to show that Plaintiff met the medical criteria for Listing 5.05E" (Report, p. 7), which is the listing pertaining to hepatic encephalopathy.  (Listing 5.05E provides that hepatic encephalopathy is evaluated under the criteria in Listing 12.02 for organic mental disorders.)  The Report also finds that "the ALJ thoroughly discussed the relevant medical evidence and explained why she found that Plaintiff was not disabled at step three."  (Report, p. 7.)  Plaintiff also objects that the administrative law judge's decision which the Report proposes affirming, failed to adequately consider claimant's mental impairments under 5.05E and Listing 12.02.  However, in addition to the already described findings regarding hepatic encephalopathy and Listing 5.05E, the administrative law judge's decision notes that in 1999 and 2000, the state agency's reviewing psychologists evaluated the claimant's mental impairments under Listing 12.02 for organic mental disorders. (Tr., p. 32).  The administrative law judge's decision also states broadly that "Section 5.05 was considered" by her. Finally, assuming for purposes of argument that there is any significance to plaintiff's proposed distinction between hepatic encephalopathy as a "diagnosis" or "condition" as the magistrate judge refers to it (Report, p. 6) and plaintiff's description of hepatic encephalopathy as a "symptomology" (Objections,  p. 5), this purported distinction does not answer the magistrate judge's findings that "the medical record is devoid of references to hepatic encephalopathy" so that "the ALJ was under no obligation to

discuss and evaluate the condition under 12.02 organic mental disorders." (Report, p. 6.)

With respect to step 5, plaintiff argues that the administrative law judge incorrectly failed to include certain restrictions in her hypothetical to the vocational expert. After review, the magistrate judge concluded that the proposed restrictions were not established by the medical evidence. (Report, p. 9.) After its own review, the court concurs with the magistrate judge and concludes that the hypothetical was appropriate.

Accordingly, having conducted its review of these and all other issues, the court finds and concludes that none of the matters presented in plaintiff's objections support any findings or determinations different from those already found or recommended by the magistrate judge. Therefore, the Report and Recommendation of Magistrate Judge Erwin is **ACCEPTED** and **ADOPTED**, and the Commissioner's decision denying plaintiff's applications for benefits is **AFFIRMED**. Plaintiff's applications for benefits are hereby **DENIED**.

Dated this 26th day of July, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0941p002(pub).wpd